# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| JAMES T. DICKERSON, ) | |
| #339621, ) | |
| ) | CIVIL ACTION NO. 9:14-1577-TLW-BM |
| Petitioner, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| LEROY CARTLEDGE, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

Petitioner, an inmate with the South Carolina Department of Corrections, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition was filed pro se on April 16, 2014.[1]

The Respondent filed a return and motion for summary judgment on October 6, 2014. As the Petitioner is proceeding pro se, a Roseboro order was filed on October 7, 2014, advising the Petitioner that he had thirty-four (34) days to file any material in opposition to the motion for summary judgment. Petitioner was specifically advised that if he failed to respond adequately, the motion for summary judgment may be granted, thereby ending his case. After receiving an extension of time to respond to Respondent's motion, Petitioner filed a response in opposition on December 10, 2014.

This matter is now before the Court for disposition.[2]

_____

[1] Filing date per Houston v. Lack, 487 U.S. 266, 270-276 (1988).

[2] This case was automatically referred to the undersigned United States Magistrate Judge for all
(continued...)

1



## Procedural History

Petitioner was indicted in Anderson County in February 2009 for murder/homicide by child abuse [Indictment No. 09-GS-04-432]. (R.pp. 98-99). Petitioner was represented by Richard Warder, Esquire, and entered a guilty plea to the charge on March 4, 2010. (R.pp. 1-35). Petitioner was sentenced to life imprisonment. (R.pp. 31-34). Petitioner did not appeal his conviction and/or sentence.

On July 27, 2010, Petitioner filed an application for post-conviction relief ("APCR") in state circuit court. <u>Dickerson v. State of South Carolina</u>, No. 2010-CP-04-2641. (R.pp. 37-44). Petitioner raised the following issue in his APCR:

> **Ground One:** Never served a warrant or indictment. Ineffective assistance of counsel.

(R.p. 38, 44).

Petitioner also later filed an amended petition raising the following issues:

> **Ground One:** Trial counsel was ineffective for failing to conduct an adequate pretrial investigation;
>
> **Ground Two:** The trial court lacked subject matter jurisdiction;
>
> **Ground Three:** Trial counsel was ineffective for failing to challenge the sufficiency of the search warrant used to draw the Applicant's blood;
>
> **Ground Four:** Trial counsel was ineffective for failing to challenge the chain of custody on Applicant's blood;
>
> **Ground Five:** Trial counsel was ineffective for failing to move for a timely suppressing hearing;

---

(...continued)
pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(c)and (e), D.S.C. The Respondent has filed a motion for summary judgment. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.

2



>**Ground Six:** Trial counsel was ineffective for failing to move for a competency evaluation;
>
>**Ground Seven:** Denial of Discovery;
>
>**Ground Eight:** Denial of Right to Confrontation;
>
>**Ground Nine:** Trial counsel was ineffective for failing to object to prosecutorial misconduct.

See Court Docket No. 24-2, pp. 3-4; see also (R.p. 57).

Petitioner was represented in his APCR by Hugh Welborn, Esquire. On March 8, 2011, Petitioner filed a motion to relieve counsel. See Court Docket No. 24-3, pp. 1-7. On March 16, 2011, an evidentiary hearing was held. The PCR judge denied Petitioner's motion to relieve counsel; (R.pp. 55-57); and the evidentiary hearing then proceeded. (R.pp. 51-83). In an order filed April 7, 2011, the PCR judge denied relief in its entirety. (R.pp. 84-94).

Petitioner filed a timely appeal of the PCR court's order. Petitioner was represented on appeal by Susan B. Hackett, Appellate Defender with the South Carolina Commission on Indigent Defense, who filed a Johnson[3] petition seeking to be relieved and raising the following issue:

>Did the lower court err in denying Petitioner relief where trial counsel was ineffective in failing to request a competency evaluation in light of Petitioner's very low intelligence quotient (IQ), obvious difficulty in understanding the legal process, severe head injury, and psychiatric diagnoses?

See Court Docket No. 24-11, p. 2.

Petitioner also filed a pro se supplement to the Petition, raising the following issues:

>**Ground One**: Did the P.C.R. Judge err in finding Petitioner's trial counsel effective even though counsel failed to request a competency hearing to determine whether Petitioner was competent to stand trial?

---

[3]Johnson v. State, 364 S.E.2d 201 (S.C. 1998).



**Ground Two**: Did trial counsel err by failing to conduct adequate and proper pre-trial investigation prior to trial?

**Ground Three**: Was trial counsel ineffective for allowing the solicitor to suppress discovery and subsequently deny the Petitioner discovery that would have been helpful at trial?

**Ground Four**: Was trial counsel ineffective for denying Petitioner procedural due process and due process and fundamental fairness?

See Court Docket No. 24-13, p. 2.

On July 3, 2013, the South Carolina Court of Appeals denied Petitioner's petition for a writ of certiorari and granted counsel's motion to be relieved. See Court Docket No. 24-14. The Remittitur was sent down on July 23, 2013. See Court Docket No. 24-15.

In his Petition for writ of habeas corpus filed in this United States District Court, Petitioner raises the following grounds for relief:

**Ground One:** Ineffective Assistance of Trial Counsel - Failure to conduct an adequate pre-trial investigation.  Due Process.

**Ground Two:** J.A.C. - Trial - Failure to provide accurate competency procedures. Due Process Violation.

**Ground Three:** Due Process Violation/Ineffective counsel - Involuntary (unintelligent) guilty plea.

**Ground Four:** Ineffective Trial Counsel/Due Process Violation (PCR).

See Petition, pp. 6-7, 9, 11.

## Discussion

Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter



of law. Rule 56, Fed.R.Civ.P; see Habeas Corpus Rules 5-7, 11. Further, while the federal court is charged with liberally construing pleadings filed by a pro se litigant to allow the development of a potentially meritorious case; See Cruz v. Beto, 405 U.S. 319 (1972), and Haines v. Kerner, 404 U.S. 519 (1972); the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990).

Respondent argues in his motion, inter alia, that the entire Petition is subject to dismissal because Petitioner failed to file his application for a writ of habeas corpus in federal court within one (1) year following the exhaustion of his state court remedies. This limitations period is part of the AEDPA,[4] and runs, under 28 U.S.C. § 2244(d)(1), from the latest of -

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Furthermore, § 2244(d)(2) provides that,

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

---

[4] Antiterrorism and Effective Death Penalty Act of 1996.

5



This Petition falls under § 2244(d)(1)(A). Since Petitioner did not appeal his conviction or sentence, his state court convictions became final on March 15, 2010, ten (10) days after his guilty plea. See SCACR Rule 203(b)(2); see also Crawley v. Catoe, 257 S.E.2d 395, 398 (4th Cir. 2001). By the time Petitioner filed his APCR on July 27, 2010, one hundred and thirty three (133) days of non-tolled time had passed from when his conviction became final. The period of limitations was thereafter tolled during the pendency of Petitioner's APCR, until the issuance of the Remittitur on July 23, 2013. See eg Ott v. Johnson, 192 F.3d 510 (5th Cir. 1999)[tolling does not include 90 days for United States Supreme Court certiorari petition from final denial by state's highest court of collateral action], cert. denied, 529 U.S. 1099 (2000); Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000)[running clock from when state appellate court denied leave to appeal denial of state post-conviction petition]; Mays v. Hickman, No. 98-56769, 2000 WL 538131 at **1 (9th Cir. 2000); Drafts v. Maynard, No. 02-120, 2002 WL 32710121 (D.S.C. Aug. 6, 2001), appeal dismissed, 2002 WL 31430540 (4th Cir. Oct. 31, 2002). By the time Petitioner then filed his federal habeas petition on April 16, 2014, an additional two hundred and sixty-two (262) days had passed, for a total of three hundred and ninety-five (395) days, placing Petitioner's federal habeas filing outside § 2244(d)1(A)'s one year limitations period. Therefore, since Petitioner failed to timely file this federal petition, he would ordinarily be barred from seeking federal relief. Harris, 209 F.3d at 327-328.

However, Petitioner asserts (while not otherwise contesting the untimeliness of the Petition) that he is entitled to some type of equitable tolling, and the United States Supreme Court has held that the federal one year statute of limitations can be subject to equitable tolling in appropriate cases. Holland v. Florida, 130 S.Ct. 2549, 2552-2554, 2560-2562 (2010); see also Rouse v. Lee, 314 F.3d 698, 704 (4th Cir. 2003)(citing Harris, 209 F.3d at 330). Circumstances will rarely

6



warrant equitable tolling, however, and a Petitioner carries the burden of showing that he is entitled to equitable tolling. Harris, 209 F.3d at 330; see also Marengo v. Conway, 342 F.Supp.2d 222, 230 (S.D.N.Y. 2004); Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002). Further, equitable tolling applies only in the rare and exceptional circumstance, and is limited to "extraordinary circumstances" preventing a prisoner from filing a timely petition. Warren v. Garvin, 219 F.3d 111, 113 (2d Cir. 2000); Marengo, 342 F.Supp.2d at 230; see also Holland, 130 S.Ct. at 2562 ["'Petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing."](quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).

Petitioner first contends that the Court has already considered this issue and found in his favor when the Court ordered this case served after Petitioner replied to the Court's Rule to Show Cause Order.[5] However, Petitioner's contention specifically disregards the language in the Court's order filed on July 15, 2015, which allowed service but also specifically noted that "the Court's decision to serve this action is no reflection on the merits of [Petitioner's] equitable tolling argument." Therefore, this argument is without merit.

Petitioner contends he is entitled to equitable tolling because he believed a direct appeal was going to be filed from his guilty plea, as well as because there was confusion about the issuance of the PCR court's order which initially resulted in him filing a premature PCR appeal. See Petitioner's Response in Opposition to Summary Judgment, pp. 11-15; see also Response to the

---

[5]The Court issued a Rule to Show Cause order on June 10, 2014, in which Petitioner was instructed to file with the Court a factual explanation for why his Petition should not be dismissed as untimely. Petitioner thereafter filed a response on July 1, 2014 offering reasons for why his Petition should not be deemed to be untimely.



Order to Show Cause.  However, with respect to Petitioner's assertions concerning his direct appeal, Petitioner was aware, at the very latest, by the time that he filed his PCR action that there had been no direct appeal in his case.  When he filed his PCR action, only 133 days had passed, and Petitioner has offered no explanation for why he did not timely file his federal habeas petition within the remaining 232 days after the South Carolina Court of Appeals issued its Remittitur.[6]  Petitioner does not set forth or allege any actions that he took during this time to try to pursue and/or protect his rights, or state how he was prevented from doing so.  Marengo, 342 F.Supp.2d at 230  ["[T]he party seeking equitable tolling must [also] have acted with reasonable diligence throughout the period he seeks to toll."] (quoting Warren, 219 F.3d at 113).  Therefore, this argument is without merit.

With regard to Petitioner's allegations concerning a premature appeal of his APCR action, the undersigned notes that the entire period between when Petitioner initially filed his APCR until it was ultimately dismissed on appeal was tolled.  Therefore, no time during that period counted against the running of the clock, including any time between when his APCR was dismissed by the PCR judge and his PCR appeal was filed.  Therefore, any confusion on his appeal time did not result in the untimely filing of this Petition.  Further, while Petitioner also seems to allege to some degree that he was not familiar with the process, to the extent that Petitioner contends he was unfamiliar with the legal process or was unrepresented, those arguments would also not entitle him to equitable tolling in this case.  Barrow v. New Orleans S.S. Ass'n, 932 F.2d 473, 478 (5th Cir. 1991) [refusing to apply equitable tolling where the delay in filing was the result of Plaintiff's unfamiliarity with the

---

[6]Petitioner is not entitled to have the time period restarted after the dismissal of his APCR.  See Artuz v. Bennett, 531 U.S. 4 (2000) [while state collateral review of properly filed petition tolls the one-year statute of limitations under § 2244(d)(A), it does not establish a right to file within one year after completion of collateral review].

8



legal process or his lack of representation]. Therefore, Petitioner has not shown that any extraordinary circumstances prevented him from timely filing his petition. Holland, 130 S.Ct. at 2562.

In sum, Petitioner has not met his burden of showing that "extraordinary circumstances" prevented him from timely filing his federal Petition, or that he could not have filed a timely petition. Harris, 209 F.3d at 330 [Petitioner has burden of showing entitlement to equitable tolling]; see also Smith v. McGinnis, 208 F.3d 13, 17-18 (2nd Cir. 2000)[AEDPA's statute of limitations may be equitably tolled only in rare and exceptional circumstances and only "if party seeking equitable tolling [has] acted with reasonable diligence throughout the period he seeks to toll."]. Accordingly, Petitioner is not entitled to any equitable relief, and he is therefore barred from seeking federal habeas relief. See Pearson v. North Carolina, 130 F.Supp.2d 742, 744-745 (W.D.N.C. 2001); Calderon v. U.S. District Court of the Central District of California, 127 F.3d 782, 785-787 (9th Cir. 1997), cert. denied, 118 S.Ct. 1395 (1998), overruled on other grounds in later appeal, 163 F.3d 530 (9th Cir. 1998), cert. denied, 119 S.Ct. 1377 (1999).

## Conclusion

Based on the foregoing, it is recommended that the Respondent's motion for summary judgment be **granted**, and that the Petition be **dismissed**, with prejudice.

The parties are referred to the Notice Page attached hereto.

February  5 , 2014       Bristow Marchant
Charleston, South Carolina      United States Magistrate Judge



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

